MARY'S OPINION HEADING 








NO. 12-09-00452-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

KALUB SCOTT
BUDENBENDER,                       §                      APPEAL FROM THE 114TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

PER
CURIAM

Kalub
Scott Budenbender appeals his conviction for aggravated assault with a deadly
weapon.  Appellant=s counsel filed a brief
in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct.
1396, 18 L.Ed.2d 493 (1967) and Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969).  We dismiss Appellant=s
appeal.

 

Background

Appellant
was charged by indictment with the offense of aggravated assault with a deadly
weapon, a second degree felony.[1]  The indictment also alleged that
Appellant used or exhibited a deadly weapon during the commission of or
immediate flight from the offense.  Appellant entered an “open” plea of guilty
to the offense charged in the indictment, and pleaded Atrue@
to the deadly weapon allegation.  Appellant and his counsel signed an agreed
punishment recommendation, an acknowledgment of admonishments, a waiver of jury
trial, an agreement to stipulate testimony, and a stipulation of evidence in
which Appellant swore that all allegations pleaded in the indictment were true
and correct.  He also judicially confessed to the offense alleged in the
indictment.  However, Appellant did not waive his right to appeal.

After
a punishment hearing, the trial court adjudged Appellant guilty of aggravated
assault with a deadly weapon, made an affirmative deadly weapon finding, and
assessed his punishment at twelve years of imprisonment, court costs, and
restitution.[2]  This appeal followed.

 

Analysis pursuant to Anders v. California

Appellant=s
counsel filed a brief in compliance with Anders and Gainous,
stating that he has diligently reviewed the appellate record and is of the
opinion that the record reflects no reversible error and that there is no error
upon which an appeal can be predicated.  From our review of Appellant=s
brief, it is apparent that his counsel is well acquainted with the facts in
this case.  In compliance with Anders, Gainous, and
High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978),
counsel=s
brief presents a chronological summation of the procedural history of the case,
and further states that counsel is unable to raise any arguable issues for
appeal.[3]  We have
reviewed the record for reversible error and have found none.  See Bledsoe
v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 

 

Conclusion

As
required, Appellant=s counsel has moved for
leave to withdraw.  See In re Schulman, 252 S.W.3d 403, 407 (Tex.
Crim. App. 2008) (orig. proceeding); Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991).  We agree with Appellant=s
counsel that the appeal is wholly frivolous and his motion for leave to
withdraw is hereby granted.  See In re Schulman,
252 S.W.3d at 408-09.

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or he must file a pro se petition for
discretionary review.  See In re Schulman, 252 S.W.3d at 408
n.22.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3; In re
Schulman, 252 S.W.3d at 408 n.22.  Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of
Appellate Procedure. See Tex. R.
App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.

 

Disposition

We
dismiss Appellant=s appeal.

Opinion delivered March 31, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

                                                                              

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









[1] See Tex. Penal Code Ann. § 22.02(a)(1), (2), (b) (Vernon Supp. 2010).





[2] An individual adjudged guilty of a second degree
felony shall be punished by imprisonment for any term of not more than twenty
years or less than two years and, in addition, a fine not to exceed $10,000.  See
Tex. Penal Code Ann. § 12.33
(Vernon Supp. 2010).





[3] Counsel for Appellant certified that he
provided Appellant with a copy of his brief and informed Appellant that he had
the right to file his own brief.  Appellant was given time to file his own
brief, but the time for filing such a brief has expired and we have received no
pro se brief.